UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JEREMY DAVID GROSS, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 1:07-cv-547-RLY-WTL |
| ) | |
| STANLEY KNIGHT, Superintendent, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

For the reasons explained in this Entry, Jeremy Gross' ("Gross") petition for a writ of habeas corpus must be **denied.**

**I. Background**

Gross is serving the executed portion of his convictions in the Marion Superior Court for murder in the course of a robbery, conspiracy to commit robbery and robbery. His convictions and sentences were affirmed on direct appeal, except that his sentence for robbery as a Class A felony was vacated and the case was remanded to the trial court for a new sentencing order that imposed a sentence of ten years for robbery as a Class B felony. *Gross v. State*, 769 N.E.2d 1136 (Ind. 2002)(*Gross I)*.

On January 13, 2005, Gross filed his amended petition for post-conviction relief. The post-conviction court granted relief as to his conviction for conspiracy to commit robbery and ordered the trial court to issue a new sentencing order reflecting a class B felony for that conviction. His petition was denied as to all other claims. The trial court's denial of his petition for post-conviction relief was affirmed in *Gross v. State*, 49A02-0510-PC-928 (Ind.Ct.App. 2006)(*Gross II*). On December 14, 2006, Gross' petition for transfer was denied.

Gross filed his petition for a writ of habeas corpus and claims that he was denied the effective assistance of counsel at trial and on appeal and that his sentence of life imprisonment without parole is inappropriate.

**II. Applicable Law**

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). *See Conner v. McBride,* 375 F.3d 643, 649 (7th Cir. 2004). Review of petitioner's habeas action is governed by the provisions of the Antiterrorism and Effective

Death Penalty Act of 1996 ("AEDPA"). *Lambert v. McBride,* 365 F.3d 557, 561 (7th Cir. 2004). Under the AEDPA, if a state court adjudicated a constitutional claim on the merits, a federal court may grant habeas relief only if the state court decision was contrary to, or involved an unreasonable application of, Supreme Court precedent, or if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding. 28 U.S.C. § 2254(d)(1), (2); *Early v. Packer,* 537 U.S. 3, 7-8 (2003); *Lambert,* 365 F.3d at 561.

> A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

*Brown v. Payton*, 544 U.S. 131, 141 (2005) (internal citations omitted). "The habeas applicant has the burden of proof to show that the application of federal law was unreasonable." *Harding v. Sternes,* 380 F.3d 1034, 1043 (7th Cir. 2004) (citing *Woodford v. Visciotti,* 537 U.S. 19, 25 (2002)).

### III.  Discussion

#### A. Ineffective Assistance of Counsel

To support an ineffective assistance of counsel claim under *Strickland,* Gross must show (1) that counsel's performance fell below an objective standard of reasonableness and (2) the deficient performance prejudiced the defense. *Id.,* at 695. A failure to establish either prong would result in a denial of Gross' claim. *See Rastafari v. Anderson,* 278 F.3d 673, 688 (7th Cir. 2001). The first prong is satisfied by a showing that counsel's performance fell below the "objective standard of reasonableness" guaranteed under the Sixth Amendment. *Barker v. United States,* 7 F.3d 629, 633 (7th Cir. 1993) (quoting *Strickland*, 466 U.S. at 688). In evaluating whether counsel's performance was deficient, "the court must defer to counsel's tactical decisions," avoid "the distorting effects of hindsight" and give counsel the benefit of a strong presumption of reasonableness. *Strickland*, 466 U.S. at 689. The prejudice prong of *Strickland* requires Gross to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

A federal habeas court does not apply the principles of *Strickland* directly, but instead analyzes whether the state courts reasonably applied federal law in concluding that Gross' counsel were not ineffective. *See Conner v. McBride,* 375 F.3d 643, 657 (7th Cir. 2004). "*Strickland* calls for inquiry into degrees," thereby "add[ing] a layer of respect for a state court's application of the legal standard." *Whitehead v. Cowan*, 263 F.3d 708, 731 (7th Cir. 2001). Accordingly, this court is required to deny the writ relative to this claim, at least as long as the Indiana Court of Appeals "*t[ook] the [constitutional standard] seriously*

*and produce[d] an answer within the range of defensible positions.*" *Mendiola v. Schomig,* 224 F.3d 589, 591 (7th Cir. 2000) (emphasis added).

The Indiana Court of Appeals properly recognized *Strickland* as providing the controlling test for judging a claim of ineffective assistance of counsel. *Gross II,* at p. 5. Gross' specifications were rejected.

- With respect to the claim that his counsel failed to let him testify in front of the jury at the penalty phase of trial, the Indiana Court of Appeals found that, "Gross has not presented any evidence establishing that he ever desired to testify at the penalty phase. At his post-conviction hearing, Gross had ample opportunity to explain that he would have testified at the penalty phase of his trial if his attorney had behaved differently. Notwithstanding Gross' assertion in his reply brief that if Gross had been advised of his right to testify, 'there is a high probability he would have testified in front of the jury expressing his remorse for the crime he committed,' Reply Br. p. 2, there is no evidence in the record to support that statement." *Gross II,* at p. 6. The Indiana Court of Appeals then concluded that this was not deficient performance and that Gross was not prejudiced. *Gross II,* at pp.6-7.

- With respect to the claim that his appellate counsel failed to argue that there was insufficient evidence supporting a conclusion that he intentionally killed the victim, which was the sole aggravating factor found, the Indiana Court of Appeals made two points: 1) Gross' insufficiency of the evidence because he was voluntarily intoxicated argument is without merit; and 2) the evidence supported a conclusion that Gross intended to kill the victim. *Gross II,* at pp. 9-10. First, even in a state of alleged intoxication, Gross was able to follow the fleeing victim and continue shooting, confess that he took multiple steps to conceal the crime and flee the scene, dispose of the gun, the remaining bullets and toss the VCR in a pond. *Gross II,* at p. 9. Second, Gross intended to kill the victim as evidenced by a videotape showing Gross shooting the victim as soon as he entered the store and continuing to shoot the victim as he followed the victim, his admission to the police that he shot the victim and he did so because the victim knew him and the victim suffered gunshot wounds on the left side of the face from close range, the chest and his lower abdomen. *Gross II,* at p.10. Finally, the Indiana Court of Appeals noted that Gross' appellate attorney decided not to challenge the sole aggravator because she believed she had a "better chance arguing the mitigators" and this was a valid strategic decision. *Id.*

- With regard to the claim that his appellate counsel failed to challenge the constitutionality of the sentencing statute in light of *Apprendi v. New Jersey*, 530 U.S. 460 (2000), the Indiana Court of Appeals explained, "our Supreme Court has repeatedly held that neither federal nor state jurisprudence requires that the jury find that the mitigators are outweighed by aggravators beyond a reasonable doubt" and therefore Gross could not show prejudice based on counsel's failure to raise the issue. *Gross II,* at p. 11 (citations omitted).

- With regard to the claim that his appellate counsel was ineffective for failing to recite and apply the appropriate standard to an argument that his sentence was manifestly unreasonable, the Indiana Court of Appeals explained that on direct review, the Supreme Court acknowledged that appellate counsel failed to include the proper standard, but nevertheless, the Supreme Court conducted its own "independent review" of the mitigators and aggravators. *Gross II,* at p.12. Based on that "independent review," the Indiana Court of Appeals concluded, "[t]hus, even if Gross' attorney was deficient in failing to proffer the appropriate standard, he suffered no prejudice from that failure, inasmuch as our Supreme Court considered the substance of his challenge." *Gross II,* at p. 13 (footnote omitted).

In analyzing the performance of counsel, the Indiana Court of Appeals properly recognized the two-prong test of *Strickland,* and in discussing each specification it is more than apparent that the Indiana Court of Appeals took the constitutional standard seriously and produced an answer within the range of defensible positions. Because this court cannot find that the Indiana Court of Appeals "unreasonably applie[d] [the *Strickland* standard] to the facts of the case," this court is without authority to grant Gross' petition for habeas relief as to his claim of ineffective assistance of counsel. *Murrell v. Frank,* 332 F.3d at 1111 (citing *Bell v. Cone,* 122 S. Ct. 1843, 1850 (2002)).

Gross' concerns with the performance of his trial and appellate attorneys do not satisfy the *Strickland* standard. As the Seventh Circuit explained *United States v. Farr,* 297 F.3d 651, 658 (7th Cir. 2002):

> We have observed in the past that criminal defendants frequently "demonize" their lawyers. "If we are to believe the briefs filed by appellate lawyers, the only reasons defendants are convicted is the bumbling of their predecessors. But lawyers are not miracle workers. Most convictions follow ineluctably from the defendants' illegal deeds."

The same is inescapably true as to Gross' claims that he was denied the effective assistance of counsel at trial and on appeal. He has not argued or shown otherwise.

### B. Life Imprisonment Without Parole

Gross also claims that his sentence of life imprisonment without parole is inappropriate and "manifestly unreasonable." The issue of sentencing within the parameters of state law is ordinarily outside the realm of federal habeas review, *Koo v. McBride*, 124 F.3d 869, 875 (7th Cir. 1997), and this case is no exception. Gross' challenge to the severity of his sentence in the circumstances of this case does not support federal habeas corpus relief.

This conclusion is not altered by Gross' reference to "due process", moreover, because the AEDPA posits reference to "clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), and 28 U.S.C. § 2254(a) itself makes federal habeas relief contingent on a violation of "the Constitution or laws . . . of the United States." *See Rose vs. Hodges,* 423 U.S. 19, 21 (1975)("A necessary predicate

for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States."). This by necessity excludes alleged violations of state law from the scope of § 2254(a). *See Del Vecchio v. Illinois Dep't. of Corr.,* 31 F.3d 1363, 1370 (7th Cir. 1994) (habeas corpus jurisdiction is limited to evaluating alleged violations of federal statutory or constitutional law), *cert. denied*, 115 S. Ct. 1404 (1995); *Bloyer v. Peters,* 5 F.3d 1093, 1098 (7th Cir. 1993) (citing *Estelle v. McGuire,* 112 S. Ct. 475, 480 (1991)).

### IV.  Conclusion

Gross' convictions withstood challenge in the Indiana courts, and thus a presumption of constitutional regularity attaches to it.  *See Farmer v. Litscher,* 303 F.3d 840, 845 (7th Cir. 2002) (citing *Parke v. Raley,* 506 U.S. 20, 29-30 (1992)); *Milone v. Camp,* 22 F.3d 693, 698-99 (7th Cir. 1994) ("Federal courts can grant habeas relief only when there is a violation of federal statutory or constitutional law"). As the foregoing discussion demonstrates, this court's view is that he received all that the Constitution requires.

> For a trial to be constitutionally sound requires . . . a trial where the prosecutor must prove all elements of a crime beyond a reasonable doubt in order to convict; where the prosecutor adheres to certain rules of conduct that guarantee a fair trial and a proper consideration of the defendant's theories and supporting evidence; where the jurors consider only evidence adduced by the parties and that a defendant has had an opportunity to rebut; and where a defendant enjoys the right to cross-examine adverse witnesses.

*Gall v. Parker,* 231 F.3d 265, 277-78 (6th Cir. 2000).

This court has carefully reviewed the state record in light of Gross' claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits. "A defendant whose position depends on anything other than a straightforward application of established rules cannot obtain a writ of habeas corpus." *Liegakos v. Cooke,* 106 F.3d 1381, 1388 (7th Cir. 1997). No such established rules entitle Gross to relief in this case. Gross' petition for a writ of habeas corpus is therefore **denied.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 08/31/2007

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana